George B. Piggott (SBN 68227)
a member of GEORGE B. PIGGOTT,
A PROFESSIONAL CORPORATION
2603 Main Street, Ninth Floor
Irvine, California 92614-6232
Tel.:   (949) 261-0500
Fax:   (949) 261-1085
Email: gbpapc@aol.com

Attorney for Defendant YOOSTAR
ENTERTAINMENT GROUP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAEIGA, LLC, a California limited liability company, ALLAN and HEATHER STAKER, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>YOOSTAR ENTERTAINMENT GROUP, INC., a Delaware corporation, et al.,<br><br>Defendants. | **Case No. SACV12-0273 AG (RNBx)**<br><br>ASSIGNED TO:<br>HON. ANDREW J. GUILFORD<br><br>**[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

Certain materials to be exchanged in the course of this action may contain trade secret and other confidential information of a technological, financial, and/or commercial nature. The purpose of this Order is to preserve the confidentiality of such materials in this action to the extent practical. By and through their respective attorneys, the parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order to preserve the confidentiality of  such confidential information. The parties acknowledge that this Stipulated Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to limited information or items that are entitled to treatment as confidential under applicable legal principles. Designations by the parties are to be limited to information that has not been made public and that the designating party believes in good faith will or could cause harm if disclosed. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. C.D. California Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied for seeking permission from the Court to file material under seal.

THEREFORE:

1. Any party or non-party may designate as "Confidential Information" (by stamping the relevant page "Confidential" or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, including personal financial information about any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts, and any information regarding any party not otherwise available to the public, subject to protection under the Federal Rules of Civil Procedure or under other provisions of federal or state law.  Any party or non-party may designate as " Highly Confidential Information" (by stamping the relevant page "Highly Confidential" or as otherwise set

forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving highly sensitive trade secrets or confidential business or financial information, the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, commercial, market, financial, or business information, subject to protection under the Federal Rules of Civil Procedure or other provisions of federal or California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. As used herein, "document" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures.

      2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential Information" or "Highly Confidential Information" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within fifteen (15) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information" or "Highly Confidential." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential

or Highly Confidential Information until after the inspecting party has indicated which materials it would like copied and produced.  During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential or Highly Confidential Information.

3. All Confidential or Highly Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential or Highly Confidential Information shall not be used for any commercial, competitive, personal, or other purpose unrelated to the prosecution or defense of this action.  The protections conferred by this Stipulated Protective Order shall cover not only any document or response to discovery that is designated "Highly Confidential Information" and "Confidential Information", but also (a) any information copied or extracted from any such document or response to discovery; and (b) all copies, excerpts, summaries, or compilations of any such document or response to discovery.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

   (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

   (b) employees of such counsel;

   (c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

   (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order as Exhibit 1 (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon

good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by the defendant or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

   (e) any authors or recipients of the Confidential Information;

   (f) the Court, court personnel, and court reporters; and

   (g) witnesses (other than persons described in Paragraph 4(e)).  A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

  5. Except with the prior written consent of the other parties, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential Information shall be treated in the same manner as "Confidential Information" pursuant to Paragraph 4 above, except that it shall not be disclosed to individual parties or directors, officers or employees of a party.

  6. Any persons receiving Confidential or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party

whose material was inadvertently disclosed. If a party has actual knowledge that Confidential or Highly Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.

7. A party may designate as "Confidential Information" or "Highly Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within fifteen (15) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential or Highly Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential or Highly Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

8. If a party contends that any document or response to discovery is not entitled to be treated and/or should not be treated as Highly Confidential Information or Confidential Information, such party may at any time give written notice of their position to the party or non-party who designated the document or response to discovery Highly Confidential Information or Confidential Information. The party or non-party who designated the document or response to discovery shall have ten (10) days from the receipt of such written notice to demand that the other party or non-party meet and confer pursuant to Local Rule 37-1, and if the matter is not informally resolved, the party or non-party who designated the document or response to discovery shall prepare and submit to the other party a Joint Stipulation pursuant to Local Rule 37-2 for a motion for an order designating the document or response to discovery as Highly Confidential

Information or Confidential Information. The motion for an order designating the document or response to discovery as Highly Confidential Information or Confidential Information shall be prepared, filed and served in accordance with Local Rules 37-1 and 37-2. The party or non-party seeking the order has the burden of establishing that the designated document or response to discovery is entitled to protection as Highly Confidential Information or Confidential Information and/or should be treated as Highly Confidential Information or Confidential Information.

9. Notwithstanding any challenge to the designation of material as Confidential or Highly Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is Confidential or Highly Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential or Highly Confidential Information fails to apply to the Court for a order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential or Highly Confidential Information.

10. In accordance with Local Rule 79-5.1, if any papers to be filed in accordance with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential", the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under deal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

11. All provisions of this Order restricting the communication or use of Confidential or Highly Confidential Information shall continue to be binding after the

conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential or Highly Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

13. Nothing herein is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena in another action.

**IT IS SO ORDERED THIS 11th day of February, 2013.**

_____
Robert N. Block
United States Magistrate Judge

DATED: February 8, 2013

/s/ Marcus R. Mumford
Marcus R. Mumford (State Bar No. 243270)
MUMFORD RAWSON LLC
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Tel: (801) 428-2000
Fax: (801) 662-0082
Email: mmumford@mumfordrawson.com
*Attorneys for Plaintiffs Karaeiga, LLC and Allan and Heather Staker*

1  DATED: February 5, 2013         /s/ George B. Piggott
                                   George B. Piggott (CA State Bar No. 68227)
2                                  a member of GEORGE B. PIGGOTT, A
                                   PROFESSIONAL CORPORATION
3                                  2603 Main Street, Ninth Floor
                                   Irvine, California 92614-6232
4                                  Tel:   (949) 261-0500
                                   Fax:   (949) 261-1085
5                                  Email: gbpapc@aol.com
                                   *Attorney for Defendant Yoostar*
6                                  *Entertainment Group, Inc.*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARAEIGA, LLC, a California limited liability company, ALLAN and HEATHER STAKER, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>YOOSTAR ENTERTAINMENT GROUP, INC., a Delaware corporation, et al.,<br><br>Defendants. | **Case No. SACV12-0273 AG (RNBx)**<br><br>Assigned to:<br>Hon. Andrew J. Guilford<br><br>**CERTIFICATION OF AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

I hereby certify my understanding that Confidential or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the **AMENDED STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** filed on , 2013 in United States District Court Case No. SACV12-0273 AG (RNBx) ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order.  I will not reveal the Confidential or Highly Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential or Highly Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential or Highly Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential or Highly Confidential Information.  I hereby consent to the jurisdiction of the above-entitled court for the purpose of enforcing the Order.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and this certificate is executed _____, 2013 at_____.

By: _____

Address: _____

_____

Phone: _____